# SUPERIOR COURT

Ambrose Mendes
vs.            } Law No. 61698
Providence Plumbing
Company

## RESCRIPT

### July 1, 1925

WALSH, J. Defendant, a plumber, did some plumbing work in the house at 528 North Main street, Providence, owned by one Miguel Lopez, payment for which was due him. Defendant had done similar work twice previously on this house, had sent bills for the same to Lopez, care of the plaintiff, and Lopez had paid the bills. Lopez was at Nantucket, Mass., until September 14, 1924, and the plaintiff was collecting his rents for him while he was away.

On September 16, 1924, defendant sued plaintiff on this claim due as aforesaid for plumbing done on the Lopez house by a writ of attachment upon the store and pool room of the plaintiff, located at 399 North Main street, Providence, and through Anthony Narra, a constable, placed a keeper in said premises. The plaintiff immediately got in touch with Lopez, the owner, who paid to said constable the amount of the claim and costs, and the keeper was thereupon withdrawn from the property of the plaintiff.

The plaintiff brought this suit for malicious prosecution and the jury found for the plaintiff in the sum of $150. Defendant filed his motion for a new trial on the usual grounds, but confined himself in argument upon said motion to the claim that the damages awarded by the jury were excessive.

There was abundant evidence in the case tending to show that the defendant and constable both knew that the plaintiff was in no way liable to pay this bill before the writ was issued and before the attachment of the goods and chattels of plaintiff took place; also, that defendant knew from his books and from his previous dealings with this property that Lopez was the owner of the same and had ordered the work done through the witness Cohen. The reason for the attachment of the goods of the plaintiff was, apparently, because Lopez was out of the jurisdiction and the defendant knew that plaintiff was collecting rents for Lopez, hence defendant took a chance that plaintiff would pay if forced. Plaintiff claimed damage to his business and credit and asked for punitive damages.

The jury was warranted in finding that this writ and its service under the circumstances constituted a wilful and malicious abuse of the process of the District Court of the Sixth Judicial District. The damages awarded were very moderate.

Motion for new trial denied.

For Plaintiff: Joseph G. LeCount.

For Defendant: Robinson & Robinson.